UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

MATTHEW MORAN, MEGAN COX, MICHELLE
BOROK, JOHN ELFRANK-DANA, KEITH MANCUSO,
EMILY NELLA, JOSHUA PELZEK, and KYLE
RETTSTADT,

**SECOND
AMENDED COMPLAINT**

Plaintiffs,

-against-                                     05 Civ. 1571 (KMK) (JCF)

THE CITY OF NEW YORK, THE HUDSON RIVER
PARK TRUST, P.O. "JOHN" ANDERSON, P.O. "JOHN"
GOMEZ, P.O. DONNA FARRELL, P.O. SHAWN
ALLEN, P.O. MICHAEL BONACCI, and P.O.s  JOHN
and JANE DOE #1-50, individually and in their official
capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

**JURY TRIAL DEMANDED**

Defendants.

----------------------------------------------------------------------X

Plaintiffs MATTHEW MORAN, MEGAN COX, MICHELLE BOROK, JOHN ELFRANK-

DANA, KEITH MANCUSO, EMILY NELLA, JOSHUA PELZEK, and KYLE RETTSTADT, by

their attorney, ROSE M. WEBER, complaining of the defendants, respectfully allege as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §  1983 and 42 U.S.C. §  1988 for violations of their civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York and

the United States.  Plaintiffs also assert supplemental state law tort claims.

**JURISDICTION**

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §  1988, and the

First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.    Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.    Plaintiff MATTHEW MORAN is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.    Plaintiff MEGAN COX is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

8.    Plaintiff MICHELLE BOROK is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the State of California.

9.    Plaintiff JOHN ELFRANK-DANA is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

10.    Plaintiff KEITH MANCUSO is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

11.    Plaintiff EMILY NELLA is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the State of California.

12.    Plaintiff JOSHUA PELZEK is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

13.    Plaintiff KYLE RETTSTADT is a Caucasian male, a citizen of the United States, and

at all relevant times a resident of the State of Connecticut.

14.     Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

15.     Defendant THE HUDSON RIVER PARK TRUST was and is a public benefit corporation duly organized and existing under and by virtue of the laws of the State of New York.

16.     That at all times hereinafter mentioned, defendant THE HUDSON RIVER PARK TRUST operated, managed, maintained, and controlled a premises designated as Pier 57, in the County, City and State of New York.

17.     That at all times hereinafter mentioned, defendant THE HUDSON RIVER PARK TRUST leased Pier 57 to defendant THE CITY OF NEW YORK.

18.     Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

19.     That at all times hereinafter mentioned, the individually named defendants P.O. "JOHN" ANDERSON, P.O. "JOHN" GOMEZ, P.O. DONNA FARRELL, P.O. SHAWN ALLEN, P.O. MICHAEL BONACCI, and P.O.s JOHN and JANE DOE #1-50 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

20.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

21.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

22.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

23.    On August 31, 2004, at approximately 6:30 p.m., plaintiffs were lawfully present on E. 16th Street between Union Square E. and Irving Place, in the County, City and State of New York.

24.    At aforesaid time and place, members of the New York City Police Department began indiscriminately arresting everyone present at that location.

25.    Defendant police officers handcuffed plaintiffs and placed them under arrest, despite defendants' knowledge that they lacked probable cause to do so.

26.    Upon information and belief, defendant police officers acted pursuant to an unconstitutional mass arrest policy that directed them to arrest individuals who were participating in or were perceived to be participating in protests against the Republican National Convention.

27.    Defendant police officers deliberately handcuffed plaintiffs too tightly and kept plaintiffs handcuffed for an excessive period of time, causing plaintiffs pain and injury.

28.    Defendant police officers transported plaintiffs to Pier 57 in Manhattan, New York.

29.    Upon information and belief, while at Pier 57, plaintiffs were exposed to toxic chemicals and substances, including but not limited to brake fluid, diesel fuel, asbestos, chlorinated hydrocarbons, benzene, lead and sulfur.

30.    Defendants were aware at all relevant times that Pier 57 contained toxic chemicals and substances.

31.    Defendant THE HUDSON RIVER PARK TRUST was aware, at the time that it

leased Pier 57 to defendant THE CITY OF NEW YORK, that the pier would be used to house human beings for an extended period of time.

32.    From Pier 57, plaintiffs were transported to Manhattan Central Booking.

33.    While in custody at Pier 57 and at Manhattan Central Booking, plaintiffs were subjected to unreasonable overcrowding, extremes of heat and/or cold, denial of access to necessary medication and medical attention, denial of adequate food and water, and/or denial of access to counsel.

34.    Plaintiff MATTHEW MORAN was held and detained in police custody for approximately twenty-seven hours.

35.    Plaintiff MEGAN COX was held and detained in police custody for approximately thirty-three hours.

36.    Plaintiff MICHELLE BOROK was held and detained in police custody for approximately forty-eight hours.

37.    Plaintiff JOHN ELFRANK-DANA was held and detained in police custody for approximately forty-eight hours.

38.    Plaintiff KEITH MANCUSO was held and detained in police custody for approximately fifty hours.

39.    Plaintiff EMILY NELLA was held and detained in police custody for approximately forty-eight hours.

40.    Plaintiff JOSHUA PELZEK was held and detained in police custody for approximately forty-two hours.

41.    Plaintiff KYLE RETTSTADT was held and detained in police custody for approximately forty-eight hours.

42.     Defendants initiated criminal proceedings against plaintiffs despite defendants' knowledge that they lacked probable cause to do so.

43.     On or about January 10, 2005, plaintiff MATTHEW MORAN accepted an Adjournment in Contemplation of Dismissal.

44.     During the period between August 31, 2004 and December 8, 2004, plaintiff MEGAN COX was required to make several court appearances to defend herself in the criminal proceedings that defendants had initiated against her.

45.     On or about December 8, 2004, plaintiff MEGAN COX was acquitted of all charges.

46.     On a date currently unknown, plaintiff MICHELLE BOROK accepted an Adjournment in Contemplation of Dismissal.

47.     During the period between August 31, 2004 and November 16, 2004, plaintiff JOHN ELFRANK-DANA was required to make several court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

48.     On or about November 16, 2004, plaintiff JOHN ELFRANK-DANA was acquitted of all charges.

49.     During the period between August 31, 2004 and January 14, 2005, plaintiff KEITH MANCUSO was required to make several court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

50.     On or about January 14, 2005, all charges against plaintiff KEITH MANCUSO were dismissed.

51.     On or about October 6, 2004, plaintiff EMILY NELLA accepted an Adjournment in Contemplation of Dismissal.

52.     On or about September 2, 2004, plaintiff JOSHUA PELZEK accepted an

Adjournment in Contemplation of Dismissal.

53.    As a result of the foregoing, plaintiffs sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

<b>FIRST CLAIM FOR RELIEF</b><br><b><u>DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983</u></b>

54.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "53" with the same force and effect as if fully set forth herein.

55.    All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

56.    All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

57.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

58.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

59.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## <u>FALSE ARREST UNDER 42 U.S.C. § 1983</u>

60.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.    As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

62.    As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## <u>MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983</u>

63.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.    Defendants misrepresented and falsified evidence before the District Attorney.

65.    Defendants did not make a complete and full statement of facts to the District Attorney.

66.    Defendants withheld exculpatory evidence from the District Attorney.

67.    Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs MEGAN COX, JOHN ELFRANK-DANA, and KEITH MANCUSO.

68.    Defendants lacked probable cause to initiate criminal proceedings against plaintiffs MEGAN COX, JOHN ELFRANK-DANA, and KEITH MANCUSO.

69.    Defendants acted with malice in initiating criminal proceedings against plaintiffs KATE MEGAN COX, JOHN ELFRANK-DANA, and KEITH MANCUSO.

70.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs MEGAN COX, JOHN ELFRANK-DANA, and KEITH MANCUSO.

71.     Defendants lacked probable cause to continue criminal proceedings against plaintiffs MEGAN COX, JOHN ELFRANK-DANA, and KEITH MANCUSO.

72.     Defendants acted with malice in continuing criminal proceedings against plaintiffs MEGAN COX, JOHN ELFRANK-DANA, and KEITH MANCUSO.

73.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

74.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff MEGAN COX's favor on December 8, 2004, when she was acquitted of all charges.

75.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff JOHN ELFRANK-DANA's favor on November 16, 2004, when he was acquitted of all charges.

76.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff KEITH MANCUSO's favor on January 14, 2005, when all charges against him were dismissed.

**FOURTH CLAIM FOR RELIEF**
**MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983**

77.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.     Defendants issued legal process to place plaintiffs under arrest.

79.     Defendants arrested plaintiffs in order to obtain a collateral objective outside the legitimate ends of the legal process.

80.    Defendants acted with intent to do harm to plaintiffs without excuse or justification.

**FIFTH CLAIM FOR RELIEF**
**EXCESSIVE FORCE UNDER 42 U.S.C. § 1983**

81.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.    The level of force employed by defendants was objectively unreasonable and in violation of plaintiffs' constitutional rights.

83.    As a result of the aforementioned conduct of defendants, plaintiffs were subjected to excessive force and sustained physical injuries.

**SIXTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY**

84.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

86.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, arresting individuals for peacefully participating in a political protest or for simply being in the vicinity of a political protest.

87.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

88.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

89.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

90.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were unlawfully arrested and detained.

91.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

92.     All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from seizure and arrest not based upon probable cause;

        C.     Not to have excessive force imposed upon them;

        D.     To be free from unwarranted and malicious criminal prosecution;

        E.     To be free from malicious abuse of process;

        F.     Not to have cruel and unusual punishment imposed upon them; and

        G.     To receive equal protection under the law.

93.     As a result of the foregoing, each plaintiff is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of five million dollars  ($5,000,000.00).

## PENDANT STATE CLAIMS

94.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.    On or about November 26, 2004, and within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the City of New York and the Hudson River Park Trust, a Notice of Claim setting forth all facts and information required under General Municipal Law § 50-e and section 11 of the Hudson River Park Act.

96.    The City of New York and the Hudson River Park Trust have wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

97.    The City of New York demanded hearings pursuant to General Municipal Law § 50-h and said hearings were conducted on the following dates:  plaintiff MATTHEW MORAN – March 22, 2005; plaintiff MEGAN COX – June 6, 2005; plaintiff JOHN ELFRANK-DANA – May 19, 2005; plaintiff KEITH MANCUSO – June 15, 2005; plaintiff KYLE RETTSTADT – August 16, 2005.

98.    The City of New York failed to schedule hearings pursuant to General Municipal Law § 50-h for the following plaintiffs and such hearings are accordingly deemed waived:  plaintiff MICHELLE BOROK and plaintiff EMILY NELLA.

99.    This action was commenced against the Hudson River Park Trust within one (1) year after the cause of action herein accrued and against the City of New York within one (1) year and ninety (90) days after the cause of action herein accrued.

100.    Plaintiffs have complied with all conditions precedent to maintaining the instant action.

101.    This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE ARREST

### (AGAINST MUNICIPAL DEFENDANTS)

102.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103.    Defendant police officers arrested plaintiffs in the absence of probable cause and without a warrant.

104.    As a result of the aforesaid conduct by defendants, plaintiffs were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

105.    The aforesaid actions by the defendants constituted a deprivation of plaintiffs' rights.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE IMPRISONMENT

### (AGAINST MUNICIPAL DEFENDANTS)

106.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.    As a result of the foregoing, plaintiffs were falsely imprisoned, their liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

108.    Plaintiffs were conscious of said confinement and did not consent to same.

109.    The confinement of plaintiffs was without probable cause and was not otherwise privileged.

110.    As a result of the aforementioned conduct, plaintiffs have suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### <u>ASSAULT</u>

### (AGAINST MUNICIPAL DEFENDANTS)

111.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.    Defendants' aforementioned actions placed plaintiffs in apprehension of imminent harmful and offensive bodily contact.

113.    As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### <u>BATTERY</u>

### (AGAINST MUNICIPAL DEFENDANTS)

114.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.    Defendant police officers touched plaintiffs in a harmful and offensive manner.

116.    Defendant police officers did so without privilege or consent from plaintiffs.

117.    As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### <u>MALICIOUS PROSECUTION</u>

### (AGAINST MUNICIPAL DEFENDANTS)

118.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119.    On or about August 31, 2004, the defendant City of New York, its agents, servants and employees, and the aforesaid defendant police officers commenced a criminal proceeding against plaintiffs, and falsely and maliciously, and without probable cause, charged plaintiffs with crimes.

120.    Defendants, with the consent and participation of one another, continued said proceeding despite the fact that they knew or should have known that plaintiffs had not committed any crimes, that there were no exigent circumstances justifying a warrantless arrest, and that there was no need for the arrest and imprisonment of plaintiffs.

121.    Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs.

122.    Defendants lacked probable cause to initiate criminal proceedings against plaintiffs.

123.    Defendants were motivated by actual malice in initiating criminal proceedings against plaintiffs.

124.    Defendants misrepresented and falsified evidence before the District Attorney.

125.    Defendants did not make a complete and full statement of facts to the District Attorney.

126.    Defendants withheld exculpatory evidence from the District Attorney.

127.    Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs.

128.    Defendants lacked probable cause to continue criminal proceedings against plaintiffs.

129.    Defendants were motivated by actual malice in continuing criminal proceedings against plaintiffs.

130.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal

proceedings were terminated in plaintiff MEGAN COX's favor on December 8, 2004, when she was acquitted of all charges.

131.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff JOHN ELFRANK-DANA's favor on November 16, 2004, when he was acquitted of all charges.

132.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff KEITH MANCUSO's favor on January 14, 2005, when all charges against him were dismissed.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS ABUSE OF PROCESS

### (AGAINST MUNICIPAL DEFENDANTS)

133.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "132" with the same force and effect as if fully set forth herein.

134.    Defendant police officers issued legal process to place plaintiffs under arrest.

135.    Defendant police officers arrested plaintiffs to obtain a collateral objective outside the legitimate ends of the legal process.

136.    Defendant police officers acted with intent to do harm to plaintiffs, without excuse or justification.

137.    As a result of the aforementioned conduct, plaintiffs suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT EXPOSURE TO TOXIC CHEMICALS AND SUBSTANCES

### (AGAINST MUNICIPAL DEFENDANTS)

138.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "137" with the same force and effect as if fully set forth herein.

139.    In housing plaintiffs at Pier 57, the Municipal Defendants assumed a duty of care to ensure that plaintiffs were not exposed to toxic chemicals and substances.

140.    The Municipal Defendants breached that duty of care by failing to decontaminate Pier 57 or otherwise make it safe for occupancy by plaintiffs.

141.    The Municipal Defendants further breached that duty of care by failing to warn plaintiffs that Pier 57 was contaminated by toxic chemicals and substances.

142.    As a result of the aforementioned conduct, plaintiffs were exposed to toxic chemicals and substances, the effects of which have not yet been ascertained.

143.    As a result of the aforementioned conduct and of the resulting toxic exposure, plaintiffs have suffered severe emotional distress, physical and mental injury, shock, and fright, and are entitled to compensatory damages including, but not limited to, future medical expenses including, but not limited to, medical monitoring and testing.

### EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT EXPOSURE TO TOXIC CHEMICALS AND SUBSTANCES

### (AGAINST HUDSON RIVER PARK TRUST)

144.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "143" with the same force and effect as if fully set forth herein.

145.    In leasing Pier 57 to the City of New York with knowledge that it would be used to house human beings, defendant HUDSON RIVER PARK TRUST assumed a duty of care to ensure that plaintiffs were not exposed to toxic chemicals and substances.

146.    Defendant HUDSON RIVER PARK TRUST breached that duty of care by failing to decontaminate Pier 57 or otherwise make it safe for occupancy by plaintiffs.

147.    Defendant HUDSON RIVER PARK TRUST further breached that duty of care by

failing to warn plaintiffs that Pier 57 was contaminated by toxic chemicals and substances.

148.    As a result of the aforementioned conduct, plaintiffs were exposed to toxic chemicals and substances, the effects of which have not yet been ascertained.

149.    As a result of the aforementioned conduct and of the resulting toxic exposure, plaintiffs have suffered severe emotional distress, physical and mental injury, shock, and fright, and are entitled to compensatory damages including, but not limited to, future medical expenses including, but not limited to, medical monitoring and testing.

**NINTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**

**(AGAINST ALL DEFENDANTS)**

150.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "149" with the same force and effect as if fully set forth herein.

151.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

152.    The aforementioned conduct was committed by employees, servants and/or agents of defendants THE CITY OF NEW YORK and HUDSON RIVER PARK TRUST, while acting within the scope of their employment.

153.    The aforementioned conduct was committed by employees, servants and/or agents of defendants THE CITY OF NEW YORK and HUDSON RIVER PARK TRUST, while acting in furtherance of their employment.

154.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiffs.

155.   As a result of the aforementioned conduct, plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### TENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### <u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>

### (AGAINST ALL DEFENDANTS)

156.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "155" with the same force and effect as if fully set forth herein.

157.   The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

158.   The aforementioned conduct was negligent and caused severe emotional distress to plaintiffs.

159.   The aforementioned conduct was committed by employees, servants and/or agents of defendants THE CITY OF NEW YORK and HUDSON RIVER PARK TRUST, while acting within the scope of their employment.

160.   The aforementioned conduct was committed by employees, servants and/or agents of defendants THE CITY OF NEW YORK and HUDSON RIVER PARK TRUST, while acting in furtherance of their employment.

161.   As a result of the aforementioned conduct, plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## ELEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## PRIMA FACIE TORT

### (AGAINST ALL DEFENDANTS)

162.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "161" with the same force and effect as if fully set forth herein.

163.    Defendants, by the aforesaid conduct, inflicted harm upon plaintiffs.

164.    The aforesaid conduct of defendants was intentional.

165.    The aforesaid conduct of defendants was without any excuse or justification.

166.    As a result of the conduct of defendants, plaintiffs sustained, *inter alia*, severe physical and emotional injuries and special damages.

## TWELFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT HIRING AND RETENTION

### (AGAINST MUNICIPAL DEFENDANTS)

167.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "166" with the same force and effect as if fully set forth herein.

168.    Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who authorized, conducted and participated in the arrest of plaintiffs.

169.    Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants P.O. "JOHN" ANDERSON, P.O. "JOHN" GOMEZ, P.O. DONNA FARRELL, P.O. SHAWN ALLEN, P.O. MICHAEL BONACCI, and P.O.s JOHN and JANE DOE #1-50 to engage in the wrongful conduct heretofore alleged in this Complaint.

## THIRTEENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## <u>NEGLIGENT TRAINING AND SUPERVISION</u>

### (AGAINST MUNICIPAL DEFENDANTS)

170.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "169" with the same force and effect as if fully set forth herein.

171.    Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who authorized, conducted and participated in the arrest of plaintiffs.

172.    As a result of the foregoing, each plaintiff is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of five million dollars  ($5,000,000.00).

**WHEREFORE**, each plaintiff demands judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages and five million dollars ($5,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:    New York, New York
          November 22, 2005

_____/s_____
ROSE M. WEBER (RW 0515)
225 Broadway, Suite 1608
New York, NY 10007
(212) 748-3355